FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 18 2004

at 4 o'clock and 37 min. P.M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00502 SOM |
| Plaintiff, | ) | |
| vs. | ) | ORDER REGARDING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL RE: DEFENDANT'S RELIGIOUS BELIEFS |
| MICHAEL TRENT BARNES, | ) | |
| Defendants. | ) | |

**ORIGINAL**

ORDER REGARDING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE AT TRIAL RE: DEFENDANT'S RELIGIOUS BELIEFS

As the court stated at the hearing on the Government's Motion in Limine To Exclude Evidence at Trial re: Defendant's Religious Beliefs, the court grants in part and denies in part the motion.

The motion is granted to the extent Defendant seeks to present his purported religion, religious beliefs, or exercise of any religion or system of religious beliefs as a defense to the manufacture of marijuana. Thus, this defense may not be raised in connection with Count I.

The motion is also granted to the extent Defendant seeks to present his purported religion, religious beliefs, or exercise of any religion or system of religious beliefs as a defense to the possession element of the charge in Count II that he possessed marijuana with the intent to distribute it. Even if religion and religious beliefs may be a defense to a simple possession count, this court has found that Defendant has not

established that (1) he is a member of an actual religion concerning marijuana, (2) he has religious beliefs relating to marijuana, or (3) he is exercising any religious rights or rights relating to any system of religious beliefs. Instead, the court finds that Defendant had and has, at most, a personal belief in the benefits of marijuana use. Thus, a religious defense is not available under the circumstances of this particular case with respect to the possession element of Count II.

However, with respect to the "intent to distribute" element of Count II, Defendant may present evidence that all the marijuana in issue was intended for personal use. Personal use would include, but need not be restricted to, use for oil in which Defendant alone planned to bathe himself. In connection with proof of an intent to use all the marijuana for an oil bath, Defendant will be allowed to state that he intended to follow a recipe from what he understood the Bible to say, that this recipe was accepted by The Hawaii Cannabis Ministry, and that he is a member and minister of The Hawaii Cannabis Ministry. The court invites the parties to submit appropriate jury instructions regarding the limited purpose for which such evidence would be admitted. The court will give appropriate instructions to the jury at the time the evidence is offered, and the court intends to control the presentation of such evidence. But for the existence of Count II, no evidence relating to The Hawaii

Cannabis Ministry or any religion or religious belief would be admitted.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii; May 18, 2004.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

<u>United States v. Barnes</u>, Cr. No. 03-00502 SOM; ORDER REGARDING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT TRIAL RE: DEFENDANT'S RELIGIOUS BELIEFS.