FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 19 2004

at ___ o'clock and ___min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 03-00502 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | SUPPLEMENTAL ORDER REGARDING |
| vs. | ) | GOVERNMENT'S MOTION IN LIMINE |
| | ) | TO EXCLUDE EVIDENCE AT TRIAL |
| MICHAEL TRENT BARNES, | ) | RE: DEFENDANT'S RELIGIOUS |
| | ) | BELIEFS |
| Defendants. | ) | |
| | ) | |

SUPPLEMENTAL ORDER REGARDING GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE AT TRIAL RE: DEFENDANT'S RELIGIOUS BELIEFS

The court supplements its Order Regarding Government's
Motion in Limine To Exclude Evidence at Trial Re: Defendant's
Religious Beliefs in two respects:

1.   There shall be no mention before the jury of
Defendant's First Amendment rights or of any requirement that the
Government establish a compelling state interest to burden
Defendant's purported religious rights or that the Government use
the least restrictive means of burdening such purported rights.
As the court explained in its earlier order, evidence as to
Defendant's purported religious beliefs is inadmissible except to
establish an absence of any intent by Defendant to distribute
marijuana, if Defendant chooses to present such evidence.  Thus,
such evidence comes in only to dispute the factual basis of
evidence that the Government submits.  Given the court's ruling
on the Government's motion in limine, evidence relating to
Defendant's purported religion does not go to a First Amendment

or statutory challenge, but rather goes only toward establishing

a lack of evidence by the Government or a failure by the

Government to establish proof beyond a reasonable doubt.

2.    The court deletes the words "and minister" from

line 18 of the text on page 2 of the order the court filed on May

18, 2004.  As Defendant did not become a minister of The Hawaii

Cannabis Ministry until after he was arrested, his status as a

minister has no bearing on his defense and he may not mention

that status in trying to establish that he had no intent to

distribute marijuana.

In an on-the-record telephone conference at the end of

the day on May 18, 2004, defense counsel raised two matters.

First, defense counsel indicated that he wanted to

elicit testimony from Defendant at trial that Defendant's

occupation was that of a minister.  While ordinarily a witness is

allowed to state his occupation, the court has concerns about

testimony by Defendant that his occupation is that of a minister.

The court is concerned, based on what happened at the hearing on

May 18, 2004, that such testimony will be used by Defendant as a

springboard to a long explanation about his religion that goes

far beyond the limited use the court is allowing.

The court is further concerned that evidence presented

during the hearing on May 18, 2004, establishes that Defendant's

occupation is not that of a minister, and testimony that he has a

2

minister's occupation would mislead the jury. Having an occupation is different from having a license or being ordained. Defendant clearly testified that his duties as a member of The Hawaii Cannabis Ministry and his duties as a minister of The Hawaii Cannabis Ministry were identical. If Defendant has no more duties as a minister than he would have as a church member, the court is hard-pressed to see how Defendant can say that he has the occupation of a minister. A member of Catholic parish might just as well say that he is a Catholic priest. Nor did Defendant indicate that he supported himself through being a minister. As he seemed unaware at the hearing on May 18, 2004, of any income earned or donations received by The Hawaii Cannabis Ministry other than donations he said he himself made, the court has no basis for concluding that Defendant is indeed employed or supported by The Hawaii Cannabis Ministry. Thus, unless Defendant and defense counsel obtain leave of court to mention Defendant's status as a minister, the court will not permit mention of that status at trial.

        Second, defense counsel told the court that, before testifying at trial, Defendant would not swear or affirm that he would tell the truth, the whole truth, and nothing but the truth. According to defense counsel, Defendant was concerned that the court's rulings on motions in limine would preclude him from telling the whole truth. Defendant's concerns are unwarranted.

Defendant is only allowed and obligated to answer the questions asked of him, and questions going to the matters barred by the court's orders will not be allowed. As Defendant will only be asked to testify about matters not covered by the court's prohibitions, he need have no fear that the court's orders will bar him from providing the whole truth in his responses. The court is willing to adjust the oath so that Defendant will be asked, "Do you solemnly swear or affirm that you will answer all questions asked by telling the truth, the whole truth, and nothing but the truth?" Defense counsel may also propose other forms of promises to tell the truth for the court's consideration. If Defendant does not make a promise satisfactory to the court that he will the truth, he will not be allowed to testify at trial.

The court reminds counsel that, in accordance with the court's Trial Procedures Memorandum, available on the court's web site, each side will be allowed a maximum of 10 minutes of voir dire following the court's extensive voir dire of the prospective jurors.

Finally, before the trial begins, the court will inquire of Defendant to ensure that Defendant has indeed waived any conflict of interest that may be created by defense counsel's representation of The Hawaii Cannabis Ministry.

4

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; May 19, 2004.


SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE


**United States v. Barnes**, Cr. No. 03-00502 SOM; SUPPLEMENTAL ORDER
REGARDING GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AT
TRIAL RE: DEFENDANT'S RELIGIOUS BELIEFS.

5