ORIGINAL

Michael-Trent: Barnes, ex-rel
RES: MICHAEL TRENT BARNES®
95007-022  U.S.P.
c/o P.O. Box 6000
Sheridan, Oregon, [97378]

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 27 2007

at __6__ o'clock and __45__ min. __a__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>          v.<br><br>MICHAEL L. BARNES, in error,<br>Michael-Trent: Barnes, in fact,<br>         Defendant/[C]itizen, | U.S.D.C. No. 03-00502-SOM<br><br>MOTION TO DISMISS FOR LACK<br>OF JURISDICTION,<br><br>Notice of Hearing<br>Date: _____<br><br>Time: _____ |

MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendant/[C]itizen, in fact, Michael-Trent: Barnes, hereby submits motion to dismiss charges for lack of jurisdiction, failure of Plaintiff to prove jurisdiction.

THE PLEA INTO WHICH THE DEFENDANT WAS INTICED DID NOT WAIVE THE

CONSTITUTIONAL REQUIREMENT FOR THE COURT TO HAVE JURISDICTION

INDEPENDENT MOTION CHALLENGING IN PERSONAM JURISDICTION HAS NOT BEEN ANSWERED

The defendant/[C]itizen retaints his right to challenge the subject matter jurisdiction of the government despite the waivers included in the plea. According to the Ninth Circuit's decision in United States v. Ventre, 338 F.3d 1047 (2003), a valid plea waiving appeal rights does not waive a challenge to jurisdiction. "Despite the plea, if the district court lacked jurisdiction to convict, 'the indictment would fail to state an offense against the United States and the district court would be deprived of jurisdiction." Ventre, Ibid., p. 1051.

In Ventre, as in the instant matter, the defendant had entered into a plea agreement waiving certain rights to appeal. "Although Ventre entered into a valid plea agreement waving his right to appeal the conviction, 'he could not by that waiver confer jurisdiction on the district court to receive the plea.'" Ruelas, 106 F.3d 1416 at 1418; cf. Stock West, Inc. v. Confederated Tribes of Colville Reservation, 873 F.2d 1221,1228 (explaining

that parties may not waive the court's subject matter jurisdiction) quoting from Ventre, p. 1051. "Ventre did not waive his jurisdictional challenge by waiving his statutory right to appeal."

IN THIS SECOND INDEPENDENT MOTION CHALLENGING JURISDICTION OF THE DISTRICT COURT FOR THE DISTRICT OF HAWAII DEFENDANT/CITIZEN CHALLENGES SUBJECT MATTER JURISDICTION, AS THE PRECEDENT UPON WHICH THE FEDERAL GOVERNMENT RELYS IS INTERSTATE COMMERCE, SPECIFIC TO WICKARD V. FILBURN, 317 U.S. 111, THE PREMISED UPON THE FACT THAT THE PLAINTIFF IN THAT CASE REGISTERED IN A FEDERAL PROGRAM; BECAUSE DEFENDANT/CITIZEN NEVER TOOK ADVANTAGE AS A REGISTRANT OR RECIPIENT OF BENEFITS OF A FEDERAL PROGRAM., THE WICKARD BASIS OF SUBJECT MATTER JURISDICTION IS IN APPLICABLE HERE, AND CHALLENGED.

Wickard v. Filburn, 317 U.S. 111 (1942), is considered to be the controlling precedent upon which Congress has relied to expand the definition of interstate commerce. The common notion is that nearly any aspect of commerce can be regulated if a piece of wheat could be governed by the federal government. In fact, in that case, the federal government had developed a subsidy system to help farmes in a particular field, that of wheat farming. One farmer, the plaintiff in the case "Wickard", filed a complaint asking to enjoin enforcement of the Agricultural Adjustment Act of 1938. The Act set up quotas for farmers and imposed penalties for farmers who while taking advantage of the federal subsidies dolled out by the agency, wanted to be immunized from the penalties associated from not following the conditions required to take advantage of these benefits.

Defendant/[C]itizen has never registered nor received any benefits from any federal agency regulating controlled substances. Therefore, the federal government, and in particular this court lacks subject matter jurisdiction, basis of jurisdiction for the subject mater using "Wickard" 317 U.S. 111, is disputed. As thw Wickard court wrote, acknowledging the plaintiff had in bringing about jurisdiction over his activity:

> "We can hardly find a denial of due process in these circumstatnces, particularly since it is even doubtful that appellee's burdens under the program outweigh his benefits. It is hardly lack of due process

for the Government to regulate that which it subsidizes." 317 U.S. 111 at page 130.

The Supreme Court clearly states that unreulated "others" exist outside the jurisdiction of the administrative agency.

"It is of the essence of regulation that it lays a restraining hand on the self-interest of the regulated and that advantages from the regulation commonly fall to others. Ibid. at page 129.

Defendant/[C]itizen is one of the "others", as defendant/[C]itizen has never registered for any benefit or received any benefit from any federal agency regulating controlled substances, and is therefore outside of this courts administrative jurisdiction.

THEREFORE, defendant/[C]itizen asks that this court dismiss all charges, ab initio, against defendant/[C]itizen and return all property seized or attached in this matter as the Plaintiff's counsel has failed to prove any form of jurisdiction in which this case could of lawfully been brought.

Respectfully submitted by,

_Michael-Trent: Barnes_, Dated : February 14th, 2007 C.E. Respectfully submitted with explicit reservatio of all of my unalienable Rights, Citizen of the California Republic. In Proper Persona, Sui Juris, IN PRO SE, "Without Prejudice" Common law Citizen.