ORIGINAL

Michael-Trent: Barnes, ex-rel.
RES: MICHAEL TRENT BARNES®
C/O: #95007-022
    P.O. Box 6000
    Sheridan, Oregon, [97378]

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 27 2007
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 27 2007
at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Michael-Trent: Barnes,<br>    Appellant/[C]itizen,<br><br>    v.<br><br>UNITED STATES,<br>    Appellee/Plaintiff, | USDC No. 03-00502-SOM<br><br>USCA No. _____<br><br>CERTIFICATE OF APPEAL ABILITY<br>28 USC § 2253 |

CERTIFICATE OF APPEAL ABILITY PURSUANT TO 28 U.S.C. § 2253

APPELLANT/[C]itizen HAS BEEN DENIED TO "CHALLENGE JURISDICTION"

A "CONSTITUTIONAL REQUIREMENT"

[1.]      Appellant/[C]itizen, Michael-Trent: Barnes, moves this Honorable Court with a Certificate for Appeal ability, in good faith and without prejudice pursuant to your 28 U.S.C. § 2253, Appellant prays that a Certificate of Appeal ability be issued in this Cause. Appellant asserts fraud, bad faith and unclean hands, which produced a violation of Title 18 §242 upon the conspiritors, to assert a non-existant jurisdiction, before the court. Furthermore, the district courts refusal to prove jurisdiction upon the record, a "Constitutional requirement", when challenged by the priviously submitted "Challenge of in personam jurisdiction" and this Challenge to subject matter jurisdiction. Therefore becomes a wanton, arbitary, malicious and prejudice acts, maintained without any lawful authority, and criminal in nature.

[2.]      Appellant/[C]itizen, is without counsel relying on Haines v. Kerner, 404 U.S. 519, for the less stringent pleading standards, and in the interest of justice requests this Honorable Court Grant a Certificate of Appeal ability in this cause. IN SUPPORT OF THIS CERTIFICATE OF APPEAL ABILITY Appellant/[C]itizen states:

[3.]      Appellant/[C]itizen, has been denied Constitutional rights, and due process, because the District Court failed to prove both "In personam and subject matter juris-

diction, when lawfully challenged by Independant Motion(s). Appellant/[C]itizen, claims that jurisdiction is more than a technical concept and is in fact a Constitutional requirement, states case law supporting is very numerous.

[4.]    Appellant/[C]itizen contends that it is "Jurisdition" which grants authority for the courts to be able to hear and decide a matter, any matter undertaken without lawful jurisdiction is "VOID" ab initio. Since two challenges of the originating courts jurisdiction, In Personam and Sbject Matter have been rasied against the courts assumption or presumption of jurisdiction, and no claim has ever been rasied that the land in which the alleged criminal or regulated activity occurred. Since the District court can not now proof jurisdiction in this matter, since the court lacks proof of jurisdiction upon the record. Appealant/[C]itizen contends that the district court errored in not determining its jurisdiction prior to entertaining the cause.

[5.]    The court's duty is clear, it must resolve the jurisdiction, regardless of who brings the action, the court must make a legal finding as to its authority to take venue and jurisdiction, this should of been done before the court moves to entertain the cause before it. See: 20 AM JUR 2d 60, 377. "THE GENERAL RULE IS THAT A PROCEEDING CONDUCTED OR DECISIONS MADE BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER. A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE A DECISION STATE A CLAIM, AND CANNOT RENDER A SUMMARY JUDGEMENT. AS A DECISION WOULD BE ON THE MERITS OF THE ACTION. IT CAN ONLY DISMISS THE CASE FOR WANT OF JURISDICTION. HOWEVER, A COURT CAN SET ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED, AND A JUDGEMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER CAN BE SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED IT". (in part).

[6.]    Appellant/[C]itizen asserts that the UNITED STATES by and through its agent, the Assistant U.S. Attorney, lost its jurisdiction, once it failed to "proof" determine both "In Personam & Subject Matter" Jurisdiction when challenged. The U.S.D.C. for Hawaii had an obligation to compel the Assistant U.S. Attorney to provide her "Proof of Claim" to support the courts assumptions/presumptions of jurisdiction.

[7.]    Appellant/[C]itizen contends that once challenged the "Onus probandi" burden

rest squarely upon the Assistant U.S. Attorney. The strict meaninig of the onus probandi is that if no evidence is adduced/ produced by the party on whom the burden is cast, the issue must be found against her. "Where jurisdiction is challenged it must be proved". Because it is insufficient, that jurisdiction of the U.S. courts may be inferred argumentatively from averments in the pleadings, it follows that the necessary factual proofs, predication may not be gleaned from the briefs and arguments themselves. This principle of federal jurisdiction applies whether the case at the begining or years latter.

[8.]    Appellant/[C]itizen contends that the court and government has "NOT" been granted jurisdiction through the constitution for the [u]nited States of America, or the United States Constitution, to adjudicate matters beyond the legislative restrictions. The U.S.D.C. for the District of Hawaii, and specifically Assistant U.S. Attorney, have failed to offer proof, or make findings and conclusions of law, as to the jurisdiction on the record, in this above matter, case No. 03-00502-SOM, as to the In Personam and Subject matter jurisdiction upon the record. "A COURT CANNOT PROCEED AT ALL IN ANY CASE WITHOUT JURISDICTION BUT MUST ANNOUNCE THE FACT AND DISMISS THE CAUSE." "WHEN A COURT ASSUMES JURISDICTION BUT LATER DISCOVERS THAT IT HAS NO SUBJECT MATTER JURISDICTION, THE COURT MUST TAKE APPROPRIATE ACTION, ALTHOUGH IT ACTED IN ACCORDANCE WITH ITS PREVIOUS BELIEF THAT IT HAD JURISDICTION." See American Jurisprudence 2d Courts 60 Page 377.

***** CONTROVERSY *****

QUESTIONS PRESENTED FOR REVIEW:

A.)    Appellant/[C]itizen presents this question to the Honorable Court, can the U.S.D.C. for the District of Hawaii operate without lawful jurisdiction?

B.)    Can the prosecution, continue to deny the Appellant/[C]itizen, his liberty without proof of claim of In Personam jurisdiction upon the record, after being challenged?

C.)    Can the prosecution, continue to deny the Appellant/[C]itizen, his liberty without proof of claim of the Subject matter jurisdiction upon the record, after being directly challenged?

D.)    If the prosecution has not brought forth its proof of claim, of both In Personam jurisdiction, and subject matter jurisdiction, and no claim of jurisdiction over

the land has been made, on what basis has the court determined its jurisdiction?

E.)   Is not this a "Void" ab initio, action without jurisdiction?

WHEREFORE, Appellant/[C]itizen prays that this Honorable Court Grant a Certificate of Appeal ability. 28 U.S.C. § 2253, Whereas jurisdiction has been formally challenged and has not been proven upon the record, and is a "Constitutional requirement" it is most obivious that the original court is/was without both "In Personam jurisdiction" and the "Subject Matter jurisdiction" therefore the Appellant/[C]itizen is falsely imprisoned under a "Void Judgement Order", Appellant/[C]itizen liberty is under immediate and future threat and at stake.

THEREFORE, Appellant/[C]itizen asks that this court dismiss all charges, ab initio, against the Appellant/[C]itizen and return all property seized or attached in this matter as the Plaintiff's/ Appellee counsel has failed to prove any form of jurisdiction in which the original court could of aquired lawful jurisdiction, the Orders are "VOID". Respectfully submitted by,

_Michael-Trent; Barnes_, Dated: February 14th, 2007 C.E. Respectfully submitted with explicit reservation of all of my unalienable Rights, Common Law Citizen of the California Republic. In Proper Persona. Sui Juris, IN PRO SE, "without Prejudice".