# NOTICE OF ADMINISTRATIVE REMEDY
# POINTS AND AUTHORITIES:

**NOTICE**; "It is the manner of enforcement which gives Title 42 1983 its unique importance, for ***enforcement is placed in the hands of the people***. Each citizen acts as a private attorney general who 'takes on the mantel of the sovereign,'" guarding for all of us the individual liberties enunciated in the Constitution...." (<u>Frankenhauser v. Rizzo</u>, 59 F.R.D. (1973)). Emphasis added.

1.  Undersigned Claimant hereby is herein exhausting their administrative remedies, to determine the nature and cause of the incident, matter, injuries, documents, authority, jurisdiction, commercial matter, monetary assessment described therein or otherwise.

2.  As an operation of Law, undersigned Claimant is required to exhaust their administrative remedies before they may bring any judicial action for remedy or relief, if such is warranted by the result of the administrative process, via agreement, stipulation or confession.

3.  For reference, the principles that arise from the Administrative Procedures Act (APA), Title 5 United States Code, State and Federal Constitution requirements "operate upon [all] agents/employees of [companies], corporations [government corporations]."

4.  The APA establishes fairly liberal standards for allowing participation by persons who either have a personal interest in the outcome of the proceeding or represent a pertinent public interest, Title 5 U.S.C. 703.

5.  Under the authority of the Administrative Procedure Act at 5 U.S.C. 556 'D', BURDEN OF PROOF, "**the proponent of a rule or order bears the burden of proof**." The Supreme Court has stated that if any tribunal (court) finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." For reference, see <u>Louisville RR v. Motley</u>, 211 US 149, S. Ct. 42. Claimants are relying upon the same measures and enforcing the same requirements in exhausting the administrative process as to Proof of WRONG DOING, INJURIES, LIABILITY, FRAUD, WRONGFULL TERMINATION, MEDICAL MALPRACTICE, VIOLATION OF DUE PROCESS OF LAW, VIOLATION OF FOURTH AMENDMENT, MISAPPLICATION OF STATUTE, MALICIOUS PROSECUTION, LACK OF JURISDICTION, *or otherwise* as applied to the inquires attached hereto.

6.  Claimant initiates this Private Independent International Administrative Process under the principal of contract which operates upon the agent/employee to be a fact finder.

7.  Claimant fully understands that it is not the intent of the Respondent(s) to mislead or otherwise defraud, deceive, or withhold any evidence as applied to the inquiries and requested documents herein, and herein Claimants rests upon Respondent(s) 'Good Faith' and 'Clean Hands Doctrine' and duty to so respond.

8.  Claimant has an expectation of 'Good Faith' on the part of the Respondent(s) as Agent(s)/employee(s) on behalf of 'companies, corporations, government corporations or officers and judges of the court to answer the inquiries, to give proof, to produce requested documents and evidence.

Item# Michael-Trent;Pre-Tort-001/MEMO/CAFV

9.   Claimant is acting in a private capacity as a fact finder within the undersigned's private administrative process to secure a preponderance of 'proof', 'evidence' or otherwise, where facts asserted [or admitted] are more probably more true than false.  In said case; proceedings must be "of a type commonly relied upon by reasonably prudent men in [the] conduct of their serious affairs." Therein, Respondent(s) have a 'good faith' duty to respond and answer the inquiries and or provide requested Proofs of Claim.

10.  The response(s), or assent(s), or failure or refusal to provide and produce the requested 'evidence' in the absence of response will provide the undersigned a means to determine the nature and cause of the Respondent's actions and documents up to and including default.

11. However, "Silence can only equate with Fraud where there is a legal or moral duty to respond or where an inquiry left unanswered would be intentionally misleading." (U.S. V. Prudden, 424 F. 2d 1021 (1070).

12. As with any administrative process, Respondent(s) may controvert the statements and/or claims made by Petitioner(s) by executing and delivering a verified response point by point, with evidence in support or stipulate that no 'document or exhibit exists in the record, or no 'Proof of Claim' exists… on said point by point basis.  Respondent(s) may agree and admit to all statements and claims made by Petitioner by TACIT PROCURATION by simply remaining silent.  Silence equates to agreement.

13.  In the event Respondent(s) admit the statement and claims by TACIT PROCURATION, all issues are deemed settled STARE DECISIS, and Respondent(s) may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative, judicial, or commercial.

14. Respondent(s) are granted a minimum ten days (10) days or up to 30 days if specifically specified… and are to respond to the requests for "Proof(s) of Claim", 'statements', 'questions' and 'charges', or otherwise… herein and/or to provide Respondent(s)' own answers to inquiries.

15. Exception:  In the event Respondent(s) believes the acts complained of may be raised to the level of, and prosecuted as, a CRIMINAL ACT, Respondent(s) may forward a copy of administrative pleadings to the Grand Jury or prosecuting authority along with a demand that such Grand Jury or prosecutor investigate the acts complained of and make a determination as to whether Respondent(s) may be criminally prosecuted or indicted for any matter raised in administrative pleading.  Respondent(s) must serve, or cause to be served a certified copy of such demand for criminal investigation, and proof of submission to the appropriate Grand Jury or prosecuting authority, along with a request for an extension of time to respond based upon Respondent's right or privilege against self incrimination.

Dated this _8th_ day of _July_____, 200_7_

/S/ _Michael-Trent: Barnes_

Item# Michael-Trent;Pre-Tort-001/MEMO/CAFV