IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 03-00502 SOM |
| | ) | |
| Plaintiff | ) | |
| | ) | ORDER DENYING "MOTION FOR |
| vs. | ) | RELIEF FROM VOID JUDGEMENT OR |
| | ) | ORDER, UNDER YOUR RULE 60 |
| MICHAEL TRENT BARNES, | ) | F.R.C.P. (a), (b)"; EXHIBIT A |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING "MOTION FOR RELIEF FROM VOID JUDGEMENT
OR ORDER, UNDER YOUR RULE 60 F.R.C.P. (a), (b)"

Defendant Michael Trent Barnes has filed a document with the title "Motion for Relief from Void Judgement or Order, Under Your Rule 60 F.R.C.P. (a), (b)." The court has reviewed the document and gleans from it that Barnes is complaining about actions by this court and the Assistant United States Attorney who tried this case. The document refers to fraud, to tort claims, and to contractual issues, as well as to lack of jurisdiction. To the extent this motion seeks a civil remedy against this court and the Assistant United States Attorney, the motion is denied. Barnes presently has no civil suit pending in this court, and he may not obtain civil relief of the kind he seems to be seeking by filing a motion in a criminal case.

There is, of course, one kind of civil case that Barnes may file that would indeed also be cross-docketed in his criminal case. That is a motion for collateral relief, such as relief available under 28 U.S.C. § 2255. Indeed, in affirming the

criminal judgment against Barnes, the Ninth Circuit specifically noted that Barnes may raise his complaint about his trial counsel in a motion under § 2255. In his Plea Agreement, Barnes specifically reserved the right to bring such a motion.

Section 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In his Plea Agreement, Barnes waived the right to bring a collateral attack, including an attack under § 2255, except with respect to a sentence in excess of the sentencing guidelines or a claim of ineffective assistance of counsel. It was the latter type of claim that the Ninth Circuit invited Barnes to bring under § 2255.

It does not appear to this court that Barnes is raising an ineffective assistance of counsel claim in his latest filing with this court. At most, Barnes mentions that he had no attorney, although he clearly did have counsel until he opted to represent himself. The gist of his filing, however, does not complain about his attorney. In the absence of a clear indication that Barnes is claiming ineffective assistance of counsel in his latest filing, this court hesitates to construe

that latest filing as a motion under 28 U.S.C. § 2255, because doing so could adversely affect his right to file a later motion under § 2255.  That is, Barnes may bring only a single motion under § 2255 unless he obtains certification from the Ninth Circuit to bring a second or successive motion under § 2255.  If this court construes the latest filing as a motion under § 2255 and denies the motion, then Barnes will not be able to bring another motion more clearly setting forth a basis for relief under § 2255 unless he obtains certification from the Ninth Circuit.

If Barnes would like this court to construe his latest filing as a motion under § 2255, the court asks Barnes to so inform the court no later than September 14, 2007.  In that connection, Barnes may use the court form attached to this order as Exhibit A.  The court also refers Barnes to the one-year period of limitation that applies to § 2255 motions, with that period running from the latest of a number of triggering events set forth in that statute.  One of those triggering events is the date on which the judgment of conviction becomes final.  As the Ninth Circuit has only recently affirmed Barnes's conviction, Barnes, as of the date of this order, still has ample time to submit a motion under § 2255.

      The Clerk of Court is directed to send this order to Barnes, Reg. No. 95007-022, at P.O. Box 6000, Sheridan, OR 97378, and to Assistant United States Attorney Beverly Wee Sameshima.

      IT IS SO ORDERED.

      DATED: August 14, 2007, at Honolulu, Hawaii.



      /s/ Susan Oki Mollway
_____
Susan Oki Mollway
United States District Judge

United States v. MICHAEL TRENT BARNES, Crim. No. 03-00502 SOM; ORDER DENYING "MOTION FOR RELIEF FROM VOID JUDGEMENT OR ORDER, UNDER YOUR RULE 60 F.R.C.P. (a), (b)"; EXHIBIT A